UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTEFIORE MEDICAL CENTER ) | |
| Plaintiff, ) | |
| v. ) | Case No.1:06CV01636 (RMV) |
| MICHAEL O. LEAVITT, Secretary ) of Health and Human Services, ) | |
| Defendant. ) | |

**ANSWER**

Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and Human Services, by and through his undersigned counsel, answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1. This paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

2-5. These paragraphs contain a conclusions of law, not allegations of fact, and thus no response is required.

6. Admits the first sentence. Defendant lacks information sufficient to form a belief as

to the allegation in the second sentence and, on that basis, denies the allegations of that sentence. Admits the third and fourth sentences.

    7. The first sentence contains Plaintiff's characterizations of this action, not allegations of fact, and thus no response is required. Admits the remainder of the paragraph.

    8. This paragraph contains Plaintiff's characterizations of 42 U.S.C. § 1395i-2(a) and 42 C.F.R. § 407.10, not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory and regulatory provisions for a full and accurate statement of their contents.

    9-11 (including footnote 1 to paragraph 9). Admits.

    12. This paragraph contains Plaintiff's conclusions of law and characterizations of 42 U.S.C. § 1395x(v)(1)(A), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory provision for a full and accurate statement of its contents.

    13. Admits the first sentence. The second sentence contains Plaintiff's characterizations of 42 U.S.C. 1395x(v)(1)(A), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory provision for a full and accurate statement of its contents.

    14-15. These paragraphs contain Plaintiff's conclusions of law and characterizations of 42 U.S.C. 1395x(v)(1)(A), 42 C.F.R. § 413.5(a), and 42 C.F.R. § 413.50(b), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory and regulatory provisions for a full and accurate statement of their contents.

    16. Admits.

17. This paragraph contains Plaintiff's conclusions of law and characterizations of the Deficit Reduction Act of 1984 ("DEFRA"), Pub. L. No. 98-369, § 2319(b) (now codified at 42 U.S.C. § 1395yy), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory provision for a full and accurate statement of its contents.

18. This paragraph contains Plaintiff's characterization of 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited regulatory provision for a full and accurate statement of its contents.

19. This paragraph contains Plaintiff's characterizations of documents that appeared in the Federal Register at 39 Fed. Reg. 20164 (June 6, 1974), 44 Fed. Reg. 31802 (June 1, 1979), 51 Fed. Reg. 34790 (Sept. 30, 1986) and 42 C.F.R. § 405.460(f)(2), 42 C.F.R. § 405.460(f), and 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited Federal Register documents and regulatory provisions for a full and accurate statement of their contents. Footnote 2 to paragraph 19 contains Plaintiff's characterizations of documents that appeared in the Federal Register 64 Fed. Reg. 42610, 42612 (Aug. 5, 1999) and 42 C.F.R. § 413.30(e), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited Federal Register document and regulatory provision for a full and accurate statement of their contents.

20. This paragraph contains conclusions of law and Plaintiff's characterization of the Federal Register document appearing at 44 Fed. Reg. 31802, 31804 (June 1, 1979), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited Federal Register document for a full and accurate statement of its contents.

21. This paragraph contains conclusions of law and Plaintiff's characterizations of Senate Print 98-169, v.1., 42 U.S.C. § 1395yy(a), and 42 C.F.R. § 413.30(f)(1), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited Federal Register document for a full and accurate statement of its contents.

22. This paragraph remainder of the paragraph contains conclusions of law and Plaintiff's characterization of Provider Reimbursement Manual ("PRM") § 2534.5 and 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited regulation and PRM section for a full and accurate statement of their contents.

23. Denies, except to admit that the PRM § 2534.5 was applied to Plaintiff's reimbursement requests for its 1991 and 1993 fiscal years.

24. Admits.

25. The first sentence contains Plaintiff's characterization of 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited regulatory provision for a full and accurate statement of its contents. Admits the second sentence. The third sentence contains a conclusion of law, not allegations of fact, and thus no response is required. By way of further answer to that sentence, the Court is respectfully referred to the section of the PRM § 2534.5 for a full and accurate statement of its contents. Denies the fourth sentence except to admit that the amount in controversy is approximately $2,400,000. The fifth sentence contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

26. Admits.

27. This paragraph contains Plaintiff's characterizations if the Provider Reimbursement Review Board's ("PRRB") decision, not allegations of fact, and thus no response is required. The Court is respectfully referred to the PRRB's decision for a full and accurate statement of its contents. The PRRB's decision appears in the Administrative Record (A.R.) at 31-45.

28. Admits. See A.R. 26-27.

29. This paragraph contains Plaintiff's characterizations of the Administrator's decision, not allegations of fact, and thus no response is required. The Court is respectfully referred to the PRRB's document for a full and accurate statement of its contents. The Administrator's decision appears at A.R. 2-14.

30. This paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

31. This paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required.

32. Defendant denies this paragraph and denies each of the separate subparagraphs contained therein.

33-34. Denies.

The remainder of the Complaint, labeled as paragraphs 35-38, contains Plaintiff's Prayer for Relief, to which no response is required; to the extent a response is deemed necessary, denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever. The Secretary specifically denies all allegations in Plaintiff's Complaint not otherwise answered or qualified herein.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610


_____/s/_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780


_____ DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
330 Independence Ave., S.W., Room 5309
Washington, D.C. 20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services