UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTEFIORE MEDICAL CENTER,          )
                                    )
                                    )
         Plaintiff,                 )
                                    )
   v.                               )   Case No.1:06CV01636 (RMU)
                                    )
MICHAEL O. LEAVITT, Secretary       )
of Health and Human Services,       )
                                    )
         Defendant.                 )
_____)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

1. Admits.

2. Admits.

3. This paragraph contains Plaintiff's characterizations of 42 U.S.C. § 1395i-2(a) and 42 C.F.R. § 407.10, not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory and regulatory provisions for a full and accurate statement of their contents.

4-9. Admits.

10-11. These paragraphs contain Plaintiff's conclusions of law and characterizations of 42 U.S.C. § 1395x(v)(1)(A), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory provision for a full and accurate statement of its contents.

12. Admits.

13. This paragraph contains Plaintiff's conclusions of law and characterizations of the

Deficit Reduction Act of 1984 ("DEFRA"), Pub. L. No. 98-369, § 2319(b) (now codified at 42 U.S.C. § 1395yy), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory provision for a full and accurate statement of its contents.

14. This paragraph contains Plaintiff's conclusions of law and characterizations of 42 U.S.C. 1395yy(a)(1)-(4), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited statutory provision for a full and accurate statement of its contents.

15. This paragraph contains Plaintiff's characterization of 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited regulatory provision for a full and accurate statement of its contents.

16. This paragraph contains Plaintiff's characterizations of documents that appeared in the Federal Register at 39 Fed. Reg. 20164 (June 6, 1974), 44 Fed. Reg. 31802 (June 1, 1979), 51 Fed. Reg. 34790 (Sept. 30, 1986) and 42 C.F.R. § 405.460(f)(2), 42 C.F.R. § 405.460(f), and 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited Federal Register documents and regulatory provisions for a full and accurate statement of their contents. Footnote 2 to paragraph 19 contains Plaintiff's characterizations of documents that appeared in the Federal Register 64 Fed. Reg. 42610, 42612 (Aug. 5, 1999) and 42 C.F.R. § 413.30(e), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited Federal Register document and regulatory provision for a full and accurate statement of their contents.

17. This paragraph contains conclusions of law and Plaintiff's characterization of the

Federal Register document appearing at 44 Fed. Reg. 31802, 31804 (June 1, 1979), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited Federal Register document for a full and accurate statement of its contents.

      18-19. These paragraphs contain conclusions of law and Plaintiff's characterization of Provider Reimbursement Manual ("PRM") § 2534.5 and 42 C.F.R. § 413.30(f), not allegations of fact, and thus no response is required. The Court is respectfully referred to the cited regulation and PRM section for a full and accurate statement of their contents.

      20. This paragraph contains Plaintiff's characterization of the Administrator's decision in this case, not an allegation of fact, and thus no response is required. The Court is respectfully referred to the cited decision of the Administrator for a full and accurate statement of its contents. A.R. at 2-14.

      21. Admits. A.R. at 1966-71.

      22. Admits. A.R. at 1929-31.

      23. Admits. A.R. at 1704-05

      24. Admits the first sentence. The second sentence contains a conclusion of law, not allegations of fact, and thus no response is required. By way of further answer to that sentence, the Court is respectfully referred to the section of the PRM § 2534.5 for a full and accurate statement of its contents.

      25. Admits. A.R. at 1924.

      26. Admits. A.R. at 1920.

      27. Admits. A.R. at 829-872.

      28. Admits the first sentence. The second sentence contains a conclusion of law, not

allegations of fact, and thus no response is required. By way of further answer to that sentence, the Court is respectfully referred to the section of the PRM § 2534.5 for a full and accurate statement of its contents.

    29. Admits. A.R. at 46-47.

    30. Admits. See A.R. at 31-45.

    31-35. These paragraphs contains Plaintiff's characterizations of the Provider Reimbursement Review Board's ("PRRB") decision, not allegations of fact, and thus no response is required. The Court is respectfully referred to the PRRB's decision for a full and accurate statement of its contents. The PRRB's decision appears in the Administrative Record (A.R.) at 31-45.

    36. This paragraph contains Plaintiff's characterizations of the Administrator's decision, not allegations of fact, and thus no response is required. The Court is respectfully referred to the PRRB's document for a full and accurate statement of its contents. The Administrator's decision appears at A.R. 2-14.

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

  /s/
CHARLOTTE A. ABEL
D.C. Bar No. 388582
Assistant United States Attorney

        555 Fourth Street, N.W.
        Washington, D.C. 20530
        (202) 307-2332


_____ DAVID L. HOSKINS
        U.S. Department of Health and Human Services
        Office of the General Counsel
        Centers for Medicare and Medicaid Services
        330 Independence Ave., S.W., Room 5309
        Washington, D.C. 20201

        Attorneys for Defendant,
        Michael O. Leavitt,
        Secretary of Health and Human Services